UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


LEE ANN LOT,

     Plaintiff,

v.                                      CASE NO: 8:05-cv-1613-T-23TGW

FIREMAN'S FUND INSURANCE CO.,

     Defendant.

_____/


**<u>ORDER</u>**

     Lee Ann Lott ("the plaintiff") sues (Doc. 14) Fireman's Fund Insurance Company

("the defendant") for breach of an insurance contract ("the policy").  The plaintiff, an

assignee of Performance Toyota, Inc., and John T. Macaluso ("the insured"), seeks to

recover on a stipulated final judgment against the insured in an underlying action.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the defendant moves

(Doc. 15) to dismiss the amended complaint and argues that, because the insured failed

to provide notice of the claim under the express terms of the policy, the plaintiff can

prove no set of facts entitling her to recovery.

     A January 24, 2006, order (Doc. 19) denied the defendant's motion to dismiss

because both the plaintiff's complaint (Doc. 14) and response (Doc. 16) squarely

challenged the legal validity of an endorsement cancelling the policy on January 1,

2002.  However, also on January 24, 2006, the plaintiff filed an amended response

(Doc. 18) less than an hour before the  the court's filing of its January 24, 2006, order

(Doc. 19).  The defendant moves for reconsideration (Doc. 20) in light of the plaintiff's

amended response.  In view of the amended response (Doc. 18), no party now disputes

that the insured's policy coverage ended on January 1, 2002.  Accordingly, the

defendant's motion for reconsideration (Doc. 20) is **GRANTED** and the court's

January 24, 2006, order (Doc. 19) denying the defendant's motion is **VACATED**.

In evaluating the sufficiency of a complaint, a court "must accept the well-pleaded

facts as true and resolve them in the light most favorable to the plaintiff." Beck v.

Deloitte & Touche 144 F.3d 732 (11th Cir. 1998) (citing St. Joseph Hospital Inc. v.

Hospital Corp. of America, 795 F.2d 948 (11th Cir. 1986)).  Mere conclusory allegations,

however, provide no support for the sufficiency of a complaint.  South Fla. Water Mgmt.

Dist. v. Montavalo, 84 F.3d 402, 409 n.10 (11th Cir. 1996).  Despite the low threshold

for a complaint to survive a motion to dismiss, a court may dismiss a complaint if, on the

basis of a dispositive issue of law, no construction of the pleaded facts supports the

cause of action.  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d

1171, 1174 (11th Cir. 1993).

The defendant persuasively argues that because the policy, which expired on

January 1, 2002, covered the insured against only those claims made and reported to

the defendant during the policy's coverage period, the insured's failure to notify the

defendant of the underlying action until April 15, 2002, exempts the underlying action

from the policy's coverage[1] and the plaintiff can prove no set of facts to entitle her to recovery.  In response, the plaintiff points only to the affidavit of a former employee of the insured, Sheila Cantrell ("Cantrell"), who attests that it was the insured's "ordinary course of business and standard operating procedure" to contact its insurance agency "upon receipt of a claim" (Doc. 14 at 73).  She further attests that "there would have been no reason . . . to deviate from the standard operating practice" (Doc. 14 at 73).

The plaintiff cites United States v. Bell, 833 F.2d 272, (11th Cir. 1987), in support of her argument that the second amended complaint adequately pleads written notice to the defendant of the disputed claim as required by the policy.  However, Bell is a criminal case concerning the possession and distribution of marijuana that addresses only the admissibility of evidence at trial over the criminal defendant's hearsay objection.  Bell is otherwise silent as to whether, in an insurance action such as this one, an insured's bare affidavit alleging a "customary business practice" of routinely providing notice to an insurer suffices to adequately plead actual notice to the insurer under a claims-made policy so as to withstand a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure.

Pertinent authority holds that mere evidence of a mailing custom or practice is an insufficient basis for establishing an actual mailing.  Genral Motors Acceptance Corp. v. American Liberty Insurance, 238 So. 2d 450 (Fla. 1st DCA 1970)(holding that, absent

---

[1] The court must construe the policy in a manner consistent with the purpose of a claims-made policy.  Under a claims-made insurance policy, the insurer undertakes a more limited risk than an insurer who issues an occurrence policy.  An occurrence policy covers acts that occur during the life of the policy, irrespective of when the claim is asserted against the insured.  In contrast, a claims-made policy protects only against claims made and reported to the insurer during the policy period. Pantropic Power Products, Inc. v. Fireman's Fund Ins. Co., 141 F. Supp. 2d 1366, 1369 (S.D. Fla. 2001).

either a written memorandum memorializing the mailing or an independent recollection of having mailed the document, bare testimony as to a mailing custom or practice is an insufficient basis for establishing actual mailing ); Equitable Life Assurance Society of U.S. v. Wagoner, 269 So.2d 747, 749 (Fla. 4th DCA 1972).  See also Riggs v. American Bankers Ins. Co. of Florida, No. Civ. A.4:04CV00051-M, 2005 WL 1475639 (W.D. Ky. June 22, 2005)(citing Goodin v. Gen. Accident Fire and Life Assurance Corp., 450 S.W. 2d 252 (Ky. 1970)).

Cantwell's affidavit fails to allege any independent recollection of her providing notice of the plaintiff's claim to the defendant as required by the express terms the policy.  Cantwell provides neither the date of alleged notice nor the identity of the recipient of alleged notice.  Cantwell further fails to attest that she provided notice *in writing* pursuant to the express terms of the policy.  Accordingly, because the plaintiff fails to plead sufficient facts to support the conclusion that the defendant received proper notice under the policy, the defendant's motion to dismiss (Doc. 15) is **GRANTED** and the second amended complaint (Doc. 14) is **DISMISSED**.  The plaintiff may file a third amended complaint on or before **February 17, 2006**.  Failure to file a third amended complaint by the deadline will result in dismissal of this action with prejudice.

ORDERED in Tampa, Florida, on January 31, 2006.

_____
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**